UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RUFFIN LEON PARKER, III,

    Petitioner,    Case No. 1:19-cv-647

v.             Honorable Robert J. Jonker

J.C. STREEVAL,

    Respondent.
_____/

**OPINION**

    This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because this Court lacks jurisdiction to hear it.

**Discussion**

  **I.**  **Procedural background**

    Petitioner Ruffin Leon Parker, III is incarcerated at FCI Ashland in Ashland, Kentucky. FCI Ashland is located within the boundaries of the United States District Court for the Eastern District of Kentucky. Petitioner is serving a sentence of 188 months' imprisonment

imposed by this Court after Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, 1,000 kilograms or more of marijuana. *United States v. Parker*, No. 1:10-cr-222-02 (W.D. Mich. Aug. 13, 2012). Petitioner has sought to modify his sentence multiple times. He has challenged his sentence under 28 U.S.C. § 2255, unsuccessfully, and he has sought leave to file second and successive motions under § 2255 multiple times. Each time, Petitioner has been denied leave.

Recently, in the criminal proceeding, Petitioner sought the appointment of counsel to raise an issue regarding the impact of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). The Court appointed the federal public defender by order entered August 14, 2019, "to address the import, if any, of the [*Havis*] decision on Defendant's sentence." *United States v. Parker*, No. 1:10-cr-222-02 (W.D. Mich. Aug. 14, 2019). In the meantime, however, Petitioner filed this petition, *pro per*, challenging his sentence based on *Havis*. (Pet., ECF No. 1, PageID.3.)

## II. Jurisdiction

In the present petition, Petitioner relies upon 28 U.S.C. § 2241(b), rather than 28 U.S.C. § 2255, to challenge his sentence. The premise of his challenge is that, under the Sixth Circuit's holding in *Havis*, "attempt" crimes cannot be used as "controlled substance offense" predicates for the career offender determination. *Havis*, 927 F.3d at 387. The Sixth Circuit has already called into question whether a *Havis* challenge to a sentence that is already final is anything more than a non-constitutional challenge to advisory guidelines calculations and, thus, would not be properly brought under § 2255 or, based on the same reasoning, § 2241. *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019).

Whether or not Petitioner's challenge has merit, he has brought it in the wrong court. Jurisdiction to consider "core habeas petitions challenging present physical confinement . . . . lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542

2

U.S. 426, 443 (2004); *see also United States v. Board*, 747 F. App'x 405, 408 (6th Cir. 2018) ("[A] § 2241 claim must be brought in the judicial district where the prisoner is confined."). Because Petitioner is not confined here, the Court does not have jurisdiction to consider his § 2241 petition.

## Conclusion

In light of the foregoing, the Court will summarily dismiss the petition pursuant to Rule 4.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims for lack of jurisdiction was debatable or wrong. Therefore, the

3

Court will deny Petitioner a certificate of appealability. Moreover, the Court concludes that any appeal would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

The Court will enter a judgment and order consistent with this opinion.


Dated:     October 21, 2019            /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                 CHIEF UNITED STATES DISTRICT JUDGE